## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANA ORTIZ Personally and
on Behalf of Minor N.R.,

        Plaintiffs,

                                  Case No. 1:25-cv-1237-SCY-KRS

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY,

        Defendant.

## ORDER GRANTING [20] STIPULATED MOTION
## FOR ENTRY OF A PROTECTIVE ORDER

Currently before the Court is the Stipulated Motion For Entry Of A Protective Order ("Motion"), filed by Plaintiffs Ann Ortiz, personally and on behalf of minor N.R., and Defendant Nationwide Mutual Insurance Company. (Doc. 20). Finding good cause and noting the agreement of the parties, the Court grants the Motion and enters the parties' stipulated Protective Order, with slight modifications, as follows:

## PROTECTIVE ORDER

The Court recognizes that certain of Plaintiff Ana Ortiz's documents requested to be produced include, but are not limited to, Plaintiff's employment records (specifically limited to any work restrictions placed on Plaintiff by her employer or documentation of any light duty status after November 18, 2023) (hereinafter, "Employment Records"), which may contain sensitive personal, and/or employment, information that may be protected under statutory provisions or under common law privacy interests, and that Plaintiff Ana Ortiz's privacy and/or security interests may be harmed by the dissemination of these Employment Records without restriction.

The parties have agreed to be bound by the terms of this Protective Order ("**Order**") in this action to facilitate the document production and disclosure, and protect the potential statutory, or common law privacy interests of Plaintiff Ana Ortiz. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

**IT IS THEREFORE ORDERED THAT,**

The following Definitions shall apply in this Order:

A.      The term "**Confidential Information**" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

B.      The term "**Employment Records**" will include personnel files, human resources files, or the like from Plaintiff Ana Ortiz's employer specifically and solely containing information regarding any work restrictions or light duty status for Plaintiff Ana Ortiz after November 18, 2023.

C.      The term "**Counsel**" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms: Jennings Haug Keleher McLeod Waterfall LLP; and Law Offices of Erika E. Anderson.

The following provisions shall apply in this litigation, except that nothing in this Order shall be construed to bind either Court personnel or jurors:

1.      Each party to this litigation that produces or discloses any Employment Records, answers to interrogatories, responses to requests for production, responses to requests for

admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "**CONFIDENTIAL**" or "**CONFIDENTIAL – FOR COUNSEL ONLY**."

(a)      **Designation as "CONFIDENTIAL"**: Any party may designate information as "**CONFIDENTIAL**" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be harmful to the privacy interests of such party.

2.      After a good faith review by counsel of record, counsel may designate Confidential Information or Employment Records as "CONFIDENTIAL" as that designation is defined in Paragraph 1(a) of this Order. Counsel so designating shall also comply with the considerations supporting Rule 26 of the Federal Rules of Civil procedure. The party producing Confidential Information and/or Employment Records must, prior to producing those Employment Records, mark the copies of those Employment Records that contain Confidential Information as "**CONFIDENTIAL**".

3.      Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

(a)      the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL".

3

(b)    Prior to the disclosure of Confidential Information, the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8, below; and

(c)    The originals of the deposition transcripts and all copies of the deposition must bear the legend "**CONFIDENTIAL**" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court, or unless a court order directs that it can or must be filed on the public docket.

4.    All Confidential Information designated as "**CONFIDENTIAL**" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

5.    Information designated "**CONFIDENTIAL**" may be viewed only by:

(a)    Counsel (as defined in paragraph C, above) of the receiving party;

(b)    Independent experts and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

(c)    The Court and any Court staff and administrative personnel;

(d)    Any court reporter employed in this litigation and acting in that capacity;

(e)    Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action;

(f)    Any person who is a named party to this case;

(g)    Plaintiff's agent(s). Prior to receiving any Confidential Information of the producing party, Plaintiff's agent(s) must execute a copy of the "Agreement to Be Bound by Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

(h)    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action;

(i)    Stenographic and clerical employees associated with the individuals identified above; and

(j)    Non-parties shall not be bound by this Order unless they voluntarily agree in writing to be bound by signing the "Agreement to Be Bound By Protective Order."

6.    All information that has been designated as "**CONFIDENTIAL**" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation, but only during the course of this litigation. The principals, employees or other agents of the parties who received information prior to and apart from this litigation that was subsequently disclosed in this litigation as being "**CONFIDENTIAL**" may also retain copies of that information as is necessary for use in their respective businesses.

7.      The parties acknowledge that this Order does not entitle them to seal Confidential Information filed with the Court. In the event a party seeks to file any document containing Confidential Information, or Employment Records subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal.

8.      The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the fourteen-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

9.      Confidential Information or Employment Records designated "**CONFIDENTIAL**" shall be used solely for the prosecution or defense of this action. A party that wishes to use Confidential Information or Employment Records designated "**CONFIDENTIAL**" for a purpose other than the prosecution or defense of this action must request permission, in writing, from Counsel for the producing party. The receiving party's request must identify the Confidential Information or Employment Records designated "**CONFIDENTIAL**" that the receiving party wishes to use, and must identify the purpose for using it. If the parties cannot resolve the question of whether the receiving party can use Confidential Information or Employment Records designated "**CONFIDENTIAL**" for a purpose other than the prosecution or defense of this action within fourteen (14) days of the producing party's receipt of such a request, the receiving party may move the Court for a ruling on the receiving party's request. In the event any party files a motion seeking to use Confidential Information or Employment Records designated "**CONFIDENTIAL**" for a purpose other than the prosecution or defense of this action, the Confidential Information or Employment Records designated "**CONFIDENTIAL**" shall be submitted to the Court, under seal, for an in-camera inspection. Any Confidential Information or Employment Records designated "**CONFIDENTIAL**" at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the motion or the matter has been otherwise resolved.

10.      The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice of the intended use of the confidential

document to opposing counsel as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

11. At any stage of these proceedings, any party may object to a designation of Employment Records as Confidential Information. The party objecting to confidentiality must notify, in writing, Counsel for the producing party of the objected-to Employment Records and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Employment Records at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved.

12. At any stage of these proceedings, any party may request that it be permitted to disclose Employment Records designated as Confidential Information to individuals not permitted by this Order to view such Employment Records. The party must notify, in writing, Counsel for the producing party of the identity of the relevant Employment Records and the individuals to whom the party wishes to disclose the Employment Records. If the request is not resolved consensually between the parties within fourteen (14) days of receipt of such a request, the requesting party may move the Court for a ruling allowing such disclosure. In the event any party files a motion requesting such disclosure, the document shall be submitted to the Court,

under seal, for an in-camera inspection. The Employment Records at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the request.

13.     All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent that Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action. If the Confidential Information was exchanged between the parties prior to and apart from this litigation for purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose. The parties may not distribute Confidential Information beyond those persons or entities who had received the Confidential Information prior to this litigation. In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

14.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

15.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the

9

producing party may give written notice to the receiving party that the Employment Records produced are deemed Confidential Information, and that the Employment Records produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Employment Records as confidential once the producing party so notifies the receiving party. If the receiving party has disclosed the Employment Records before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Employment Records as "**CONFIDENTIAL**."

16.    Nothing in this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work-product.

17.    Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed to any person not described in Paragraph 5, above.

18.    This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19.    Information designated Confidential pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential

Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party that made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

20.     Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

21.     Within thirty (30) days of the final termination of this action, including any and all appeals, Counsel for each party and those individuals in paragraph 5(b) above must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy same. With respect to paper copies, return or destruction of Confidential Information is at the option of the producing party. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation. Further, attorney work-product that includes Employment Records containing Confidential Information need not be destroyed, but, if

11

said work-product is not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information after the conclusion of this litigation.

22. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order.

23. Any party may designate as "**CONFIDENTIAL**" any Employment Records that were produced during the course of this action without such designation before the effective date of this Order, as follows:

(a) Parties to this action may designate such Employment Records by sending written notice of such designation, accompanied by copies of the designated Employment Records bearing the appropriate legend of "**CONFIDENTIAL**" to all other parties in possession or custody of such previously undesignated Employment Records. Any party receiving such notice and copies of designated Employment Records pursuant to this subparagraph shall return to the producing party all undesignated copies of such Employment Records in its custody or possession, or shall affix the appropriate legend to all copies of the designated Employment Records in its custody or possession.

(b) Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no disclosure of such designated Employment Records or information contained therein except as allowed under this Order; and (ii) take reasonable steps to notify any persons known to

have possession of such designated Employment Records or information of the effect of such designation under this Order.

(c)    All such designations must be made within thirty (30) days of the date of this Order.

24.    Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

25.    This Order may be modified by agreement of the parties, subject to approval by the Court.

26.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

27.    After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. Any party seeking to enforce this Order after the termination of this case may do so by a motion seeking to reopen the case.

IT IS SO ORDERED this 22nd day of April, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

Submitted By:

*/s/ Lauren M. Swol*_____
Joseph A. Brophy
Lauren M. Swol
2800 North Central Avenue, Suite 1800
Phoenix, AZ 85004
Telephone: (602) 234-7800
Facsimile: (602) 277-5595

201 Third Street NW, Suite 1200

Albuquerque, NM 87102
Telephone:   (505) 346-4646
Facsimile:    (505) 346-1370
Email: jab@jkwlawyers.com
Email: lms@jkwlawyers.com
State Bar of NM License No. 153590
State Bar of NM License No. 160657
*Attorneys for Defendants Nationwide Mutual Insurance Company*


Approved by:

*/s/ Kristin Woodworth (via email 04/17/26)*
Erika E. Anderson
Kristin Woodworth
Law Offices of Erika E. Anderson
105 Bryn Mawr Dr. SE
Albuquerque, NM 87106
erika@eandersonlaw.com
kristin@eandersonlaw.com
*Attorneys for Plaintiffs*

## EXHIBIT A

### Agreement to Be Bound by Protective Order

Counsel intends to disclose to me documents or information in connection with the matter entitled _____.

Counsel has informed me that a party has designated some of those documents or information as confidential. I understand that any of the documents or information labeled "**CONFIDENTIAL**" are confidential by Order of the Court.

I agree that I will not disclose to any other person any documents labeled "**CONFIDENTIAL**" or information contained in those documents. I also agree not to use those documents or information for any purpose other than this litigation.

Signed: _____

Dated: _____

Signed in the presence of:

_____
Attorney